**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1066
_____

UNITED STATES OF AMERICA

v.

FOREMAN SALMOND,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1:09-CR-00377-001)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 16, 2012

Before: RENDELL, FUENTES, and CHAGARES, Circuit Judges.

(Opinion Filed: November 21, 2012)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Appellant, Foreman Salmond, pled guilty to one count of crack cocaine

distribution in violation of 21 U.S.C. § 841(a) and was sentenced to 120 months

imprisonment.   On appeal, Salmond's counsel has moved to withdraw his representation

pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting that Salmond's appeal is wholly frivolous. We will grant the motion to withdraw and affirm Salmond's sentence.

## I.

Because we write primarily for the parties, we set forth only those facts and procedural history relevant to our conclusion. On or about March 27, 2007, Salmond sold crack cocaine to a confidential informant. On January 11, 2011, Salmond entered a guilty plea to a superseding information charging distribution of five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a). At presentence hearings, Salmond presented evidence of a prior head trauma and expert testimony concerning the continuing effects of this injury to support his request for downward departures pursuant to U.S.S.G. § 5H1.3 (mental and emotional conditions), § 5H1.4 (physical condition, including drug and alcohol dependence and abuse) and §5K2.13 (diminished capacity). It was also determined that Salmond was a career offender and that the sentencing guidelines range was 151 to 188 months.

After statements by witnesses for both sides, the District Court denied Salmond's motions for downward departures but considered Salmond's medical and mental problems under a balancing of the 18 U.S.C. § 3553(a) factors. The District Court concluded that the sentencing guidelines range of 155 to 180 months was excessive and sentenced Salmond to a below guidelines sentence of 120 months. The District Court imposed sentence and entered judgment on December 21, 2011. This appeal was timely filed on January 5, 2012.

2

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Under Anders, a criminal defendant's appeal may be dismissed on the merits and counsel for the defendant may withdraw if, after a "conscientious" examination of the case, counsel finds the case to be wholly frivolous. Anders, 386 U.S. at 744. "If the [appellate] panel agrees that the appeal is without merit, it will grant counsel's Anders motion, and dispose of the appeal without appointing new counsel." 3d Cir. L.A.R. 109.2(a). This Court conducts a two-step analysis in evaluating an Anders motion to withdraw by considering, first, whether counsel has sufficiently fulfilled our local appellate rule's requirements by examining the record for appealable issues and expressing why such issues may be frivolous. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Second, this Court considers whether there are any non-frivolous issues resulting from an independent review of the record. Id. When an Anders brief appears adequate on its face, we are guided in our review of the record by the Anders brief itself. Id. at 301.

Salmond's counsel submits that he conscientiously examined the pleadings, trial transcripts, and rulings of the District Court for potential issues worthy of appeal and has found none. Counsel identifies that the only possible question for review is whether the District Court properly conducted the sentencing process and properly exercised discretion in denying Salmond's requested departures from the sentencing guidelines to have made the sentence procedurally and substantively reasonable. After carefully reviewing the record, Salmond's counsel concludes that the District Court properly

3

conducted the necessary steps for sentencing because it correctly calculated the sentencing guidelines in light of Salmond's past offenses.

Salmond's counsel indicates that it is clear from the record that the District Court recognized its authority to exercise discretion and to grant Salmond's requests for downward departures. The District Court properly decided to deny these requests based on Salmond's prior criminal history. Salmond's counsel also concludes that the District Court adequately considered the variance factors under 18 U.S.C. § 3553 and found that while a downward departure was not appropriate, a sentence within the guidelines range would be excessive and greater than necessary to meet sentencing purposes. As such, the District Court sentenced Salmond to a below guidelines sentence of 120 months.

We believe that counsel's <u>Anders</u> brief is adequate, and, thus, we will be guided by the brief itself in reviewing the record. Our independent review of the record reveals that there are no non-frivolous appealable issues. We agree with Salmond's counsel that the District Court properly followed the necessary sentencing procedures and properly exercised its discretion in determining a fair sentence. The District Court reviewed the circumstances of this case, Salmond's mental injuries, and related requests for downward departures and it was within the District Court's discretion to deny these requests. After finding that these factors made the sentencing guidelines range of 155 to 180 months excessive, the District Court concluded that Salmond was entitled to a below guidelines sentence. Therefore, we find no issues emerging from the record that are worthy of appeal.

**III.**

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the judgment and sentence of the District Court.